UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ERIC MACK,

Plaintiff,

v.

GLADYS RIDDLE, DONALD PARKER, FLORENCE STAGGS, CYNTHIA DILLARD, and two unknown by name Bd. members,

Defendants.

Civil No. 01-2418 (DWF/ESS)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility in St. Cloud, Minnesota, commenced this action on December 27, 2001, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He claims that Defendants -- various individuals who allegedly are associated with the Alabama Board of Pardons and Paroles – have violated his rights under the U.S. Constitution.

The matter is now before the Court on Plaintiff's application to proceed in forma pauperis, ("IFP"). (Docket No. 3.) After reviewing Plaintiff's submissions, however, the Court has determined that this District is not a proper venue for this action. Therefore, Plaintiff's IFP application will not be addressed at this time. Instead, it will be recommended, for reasons discussed below, that this action be transferred to the U.S. District Court for the Middle District of Alabama.

## I. BACKGROUND

Plaintiff is a prisoner of the State of Alabama who is currently incarcerated in

FILED JAN 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Minnesota pursuant to the Interstate Corrections Compact.[1] He is presently attempting to sue (1) Gladys Riddle, identified as the Chairperson of the Alabama Board of Pardons and Paroles, (hereafter "the Board"); (2) Donald Parker, identified as the Executive Director of the Board; (3) Florence Staggs, identified as the Assistant Executive Director of the Board; (4) Cynthia Dillard, also identified as the Assistant Executive Director of the Board; and (5) two other unnamed individuals identified only as "investigators" and "parole officers."

As far as the Court can tell, Plaintiff is contending that Defendants have violated his federal constitutional rights when considering his eligibility for parole. He specifically alleges that Defendants have not obtained a "complete attainable report" about the facts relating to his parole eligibility; they have not conducted sufficient "evaluations, investigations and interviews;" they have "knowingly exceeded their authority;" they have "conspir[ed] with the parole officers" and used the parole officers' "fraudulently submitted reports during release consideration;" and they have generally acted "callously in bad faith." (Complaint, [Docket No. 1], pp. 3-4, § IV.)

Plaintiff is seeking both compensatory and punitive damages from the various named Defendants. He is also seeking a declaratory judgment that would establish Defendants' statutory and constitutional responsibilities, as well as "prospective relief" governing "future parole release consideration hearings." ("Petitioner's Pro Se' Argument In Support," [Docket No. 2], pp. 67-71.)

---

[1] Plaintiff's current submissions do not clearly indicate why he is presently confined in Minnesota, but he has filed two prior habeas corpus petitions in this District, which provide some additional information about his background and custody status. See Mack v. Adair, Civil No. 99-1135 (DWF/ESS) and Mack v. Adair, Civil No. 00-1319 (DWF/ESS).

## II. DISCUSSION

It is readily apparent that the events on which Plaintiff's claims are based must have occurred mostly -- if not entirely -- in or near Montgomery, Alabama. Defendants apparently reside in or near Montgomery, and the Board apparently conducts its business in or near Montgomery, so it is evident that all (or virtually all) of Defendants' allegedly wrongful acts and omissions must have occurred in or near that city. Moreover, there are no factual allegations in the complaint stating -- or even suggesting -- that any of Plaintiff's claims are based on any events that occurred here in Minnesota.

Because none of the Defendants is located in Minnesota, and none of the events giving rise to this action occurred in Minnesota, it obviously is appropriate to consider whether Minnesota is a proper venue for this action. The answer to this question is found in 28 U.S.C. § 1391(b), which provides as follows:

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may be otherwise brought."[2]

The Court finds that this District cannot be a proper venue for this action under any of the three clauses of § 1391(b).

---

[2] Subsection 1391(b), rather than 1391(a), is applicable here, because federal jurisdiction in this case is not based solely on diversity of citizenship. Plaintiff's claims are clearly based on federal law, (namely 42 U.S.C. § 1983), so jurisdiction would exist under the "federal question" statute, (28 U.S.C. § 1331), regardless of whether there is or is not diversity of citizenship here. It follows that subsection 1391(a), which applies to "a civil action wherein jurisdiction is founded only on diversity of citizenship," is not applicable here.

Venue is not proper under the first clause of § 1391(b), because the complaint does not allege that all of the Defendants reside in this District. Indeed, it appears from the complaint (and the civil cover sheet that accompanied the complaint) that all of the Defendants reside in the Middle District of Alabama.

Nor is Minnesota a proper venue under the second clause of § 1391(b), because, as previously pointed out, there is nothing in the complaint to indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. In fact, there are no allegations in the complaint suggesting that any of the events giving rise to Plaintiff's claims occurred anywhere other than in the Middle District of Alabama. There certainly is no indication that a "substantial part" of those events occurred in Minnesota.

The third clause of § 1391(b) allows an action to be brought in "a judicial district in which any defendant can be found, if there is no district in which the action may otherwise be brought." This part of § 1391(b) "may be invoked only when venue does not lie in a district pursuant to [clauses] (1) or (2)." Moore's Federal Practice, 3d ed., Vol. 17, § 110.02[2][d].[3] It plainly appears that the Middle District of Alabama would be a proper venue for this action under clause (1) of § 1391(b), because all of the named Defendants apparently reside there, and that the Middle District of Alabama also would be a proper venue for this action under clause (2) of § 1391(b), because a "substantial part" of the facts

[3] It has been observed that this third clause of § 1391(b) is applicable if most of the events giving rise to the plaintiff's claims occurred outside of the United States altogether. Moore's Federal Practice, 3d ed., Vol. 17, § 110.02[2][d] (§ 1391(b)(3) is a "fall-back provision[] designed to deal with the problem of where venue should lie when significant events giving rise to the claim arise outside of the United States"). If a "substantial part" of such events occurred within any district in this country, then venue would be proper in that district under the second clause of § 1391(b), and the third clause would not apply.

on which Plaintiff's claims are based occurred in that District. The third clause of § 1391(b) is therefore inapplicable here.

Thus, the Court concludes that Minnesota is not a proper venue for this case under any of the three clauses of § 1391(b). It follows that Plaintiff's complaint should not be entertained in this District. Soo Line R. Co. v. Chicago and North Western Transportation Co., 737 F.Supp. 68, 69 (D.Minn. 1990); Sauers v. Pfiffner, No. CIV. 4-88-457 (D.Minn. 1989), 1989 WL 47381 at *2 ("if an action is venued improperly, a district court must refrain from entertaining the suit").[4] Having determined that Plaintiff has filed his present action in the wrong district, (i.e., a district that is not a proper venue), the only remaining question to be resolved is whether the action should be dismissed, or transferred to a district where it could have properly been brought. 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

In the absence of unusual circumstances, e.g., a complaint that is patently frivolous, transfer seems to be generally favored over dismissal. See Goldlawr, Inc. v. Heimer, 369, 463, 466-67 (1962). Although Plaintiff may have considerable difficulty proving the broad (and quite confusing) allegations that he has pleaded, this Court does not presently conclude that the complaint is purely frivolous, or that the action should be summarily dismissed for any other reason. It will therefore be recommended that the present action

---

[4] See also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) ("[i]n the absence of a waiver [by defendants], we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion").

be transferred to the district which is the proper venue for this matter -- namely the Middle District of Alabama.[5]

In light of the Court's recommendation that this action be transferred, Plaintiff's pending application for IFP status will not be addressed here. The transferee court should be allowed to make its own ruling on that application and related matters -- e.g., whether all or any part of the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

The Clerk of Court should be directed to transfer this action to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

Dated: January 9, 2002

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[5] Because the Court finds that Minnesota is not a proper venue for this action, it is unnecessary to consider another major obstacle to Plaintiff's attempt to sue in this District -- namely the apparent absence of any grounds for exercising personal jurisdiction over the Defendants. There is nothing on the face of the complaint which suggests that personal jurisdiction would exist in this District with respect to any of the named Defendants. Therefore, even if the Court were to overlook the venue issue at this stage of the proceedings, it is unlikely that this action would progress very far in this District.