**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eric W. Mack,

Civil No. 01-2418 (DWF/ESS)

Petitioner,

v.

**ORDER AND MEMORANDUM**

Gladys Riddle, Donald Parker, Florence Staggs, Cynthia Dillard, and Two Unknown by Name Board Members (Parole Officers), in each one's individual capacity,

Respondents.

---

Eric W. Mack, #125842, Minnesota Correctional Facility, 2305 Minnesota Boulevard Southeast, St. Cloud, MN 56302-1000, Petitioner *Pro Se*.

---

This matter is before the Court upon Petitioner's objections to Magistrate Judge E. S. Swearingen's Report and Recommendation dated January 9, 2002, recommending that the Court direct the Clerk of Court to transfer this action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a). The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court's review of the arguments and submissions of the petitioner, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge E. S. Swearingen's Report and Recommendation dated January 9, 2002 (Doc. No. 4), is **ADOPTED** for the reasons stated in the attached Memorandum.

FEB 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

Dated: February 22, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

This matter was originally directed to the Magistrate Judge for consideration of Petitioner's application to proceed *in forma pauperis*. On its own motion, the Court recognized that venue in the District of Minnesota is improper, and, accordingly, the Magistrate Judge filed a report and recommendation recommending that the matter be transferred to the Middle District of Alabama, wherein venue would be appropriate.

In his Complaint, Petitioner makes a number of constitutional and statutory claims all arising out of the Alabama Board of Pardons and Paroles's ("the Board") consideration of Petitioner's application for parole. The Court understands that Petitioner does not take direct issue with the Board's decision to deny him parole. Rather, Petitioner asserts that the Board had a statutory duty to conduct a full investigation–which would necessarily include an interview of Petitioner–before making any decision at all.[1]

Petitioner contends that the Board and its members violated his constitutional rights by failing to properly administer their purely ministerial duty to investigate. Petitioner thus claims that venue in Minnesota is proper pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of

---

[1] Ala. Stat. § 15-22-25(b) states that "[t]he board shall not act on any application or case until a complete investigation of the prisoner's social and criminal record has been made by a parole officer and a written report thereof made a part of the prisoner's file."

the . . . omissions giving rise to the claim occurred" in Minnesota. Specifically, Petitioner asserts that "a substantial part" of the factual basis for his claims is that the Board failed to conduct certain interviews, namely of the Petitioner himself, which, had they been conducted, would have been conducted in Minnesota. Accordingly, the "omissions" occurred here.

The Petitioner's point is well taken. He is correct that the failure to carry out an act is an omission which occurs in the situs in which the action would have taken place had it been carried out. *See Geller Media Management, Inc. v. Beaudreault*, 910 F. Supp. 135 (S.D.N.Y. 1996) (omissions underlying breach of contract claim took place in New York because the contract would have been performed in New York had it been performed at all). However, venue is only appropriate in Minnesota if these omissions–the failure to conduct interviews in Minnesota–constitute a "substantial part" of the factual basis for Petitioner's claims. The Court finds that they do not.

The Complaint does not specify the precise investigative measures the Board failed to undertake. The only such measure which is specifically alleged as an omission occurring in Minnesota is an interview of the Petitioner himself. That single act does not constitute a "substantial part" of the factual basis underlying Petitioner's claim. All of the other acts–any other investigative measures, the Board's decision to forego the required investigation, the individual Board members' actions in directing the investigation–took place, or would have taken place, in Alabama. As a result, venue is proper in the Middle District of Alabama, but improper here.

D.W.F.