**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ERIC W. MACK, Civil No. 01-2418 (DWF/RLE)

Petitioner,

**ORDER**

v.

GLADYS RIDDLE, DONALD PARKER, FLORENCE STAGGS, CYNTHIA DILLARD, and two unknown by name Board Members (Parole Officers) in each ones individual capacity,

Respondents.

---

Eric W. Mack, *Pro Se*, #125842, Minnesota Correctional Facility, 2305 Minnesota Boulevard Southeast, St. Cloud, MN 56302-1000, Petitioner.

---

Plaintiff, a prisoner of the State of Alabama, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. The Court determined that Minnesota is not a proper venue for this action and ordered that the case be transferred to the U.S. District Court for the Middle District of Alabama. (Order dated February 22, 2002 (Doc. No. 9).) Plaintiff is now attempting to appeal the transfer order, and the matter is presently before the Court on two motions pertaining to such appeal: (1) a "Motion For Certificate And Or Statement," (Doc. No. 18), and (2) a motion seeking leave to proceed *in forma pauperis* ("IFP"), on appeal (Doc. No. 24).

FILED JUN 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. **"Motion For Certificate And Or Statement"**

In his "Motion For Certificate And Or Statement," Plaintiff is asking the Court to certify that the transfer order entered in this case "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff is requesting such certification so he can seek appellate review, pursuant to § 1292(b), of the otherwise non-appealable transfer order that has been entered in this case. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("[i]t is well-settled that an interlocutory order transferring venue is not otherwise appealable"), *cert. denied*, 527 U.S. 1039 (1999), citing *United States Fire Ins. Co. v. American Family Life Assur. Co. of Columbus*, 787 F.2d 438 (8th Cir. 1986).

Our Court of Appeals has held that § 1292(b) should be used only in very rare cases where the statutory requirements are clearly satisfied.

> It has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination. . . . [Citations omitted.] In accordance with this policy, § 1292(b) "should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260; . . . [Additional citations omitted.] A motion for certification [pursuant to § 1292(b)] must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted. *Bank of New York v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I.1985).

*White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (emphasis added).

With these guiding principles in mind, the Court concludes that Plaintiff should not be granted a § 1292(b) certification in this case. The transfer order at issue here is not novel,

controversial, or even particularly debatable. Furthermore, it does not appear that immediate appellate review of the order would expedite the ultimate resolution of Plaintiff's substantive claims. In short, the Court finds that Plaintiff has not met "the heavy burden of demonstrating that [this] case is an exceptional one in which immediate appeal is warranted." *White, supra.* Plaintiff's "Motion For Certificate And Or Statement" pursuant to § 1292(b) will therefore be denied.

**2. The IFP Application**

Plaintiff's application for leave to proceed IFP on appeal will also be denied, because he has not complied with 28 U.S.C. § 1915(a)(2). This subsection requires that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

(Emphasis added.)

Plaintiff has not provided a trust account statement certified by an appropriate prison official, as required by § 1915(a)(2). As a result, the Court cannot properly calculate and assess the initial partial filing fee that Plaintiff will be required to pay pursuant to 28 U.S.C. § 1915(b)(1). *See Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (requiring district courts to calculate and assess the initial partial filing fee for prisoners seeking IFP status on appeal).[1] Plaintiff's IFP application will therefore be denied.

---

[1] The Court recognizes that Plaintiff has already made a partial payment toward his appellate filing fee, but without the certified trust account information required by § 1915(a)(2), it cannot be determined whether he has paid the amount required by § 1915(b)(1).

Plaintiff's IFP application will be denied without prejudice, however, and he will be given an opportunity to file an amended application that includes the certified financial information required by § 1915(a)(2). If Plaintiff elects to file an amended IFP application, he should use the application form approved for use in this District (which is available from the Clerk's office), and he should make sure that the application form–including the "certificate" section--is properly completed and signed.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion For Certificate And Or Statement" (Doc. No. 18) is **DENIED**; and

2. Plaintiff's motion seeking leave to proceed *in forma pauperis* on appeal (Doc. No. 24) is **DENIED WITHOUT PREJUDICE**.

Dated: June 26, 2002

DONOVAN W. FRANK
Judge of United States District Court