**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ERIC W. MACK,

Civil No. 01-2418 (DWF/RLE)

Plaintiff-Appellant,

v.

**ORDER**

GLADYS RIDDLE, DONALD PARKER, FLORENCE STAGGS, CYNTHIA DILLARD, and two unknown by name Board Members (Parole Officers) in each ones individual capacity,

Defendants-Respondents.

---

Eric W. Mack, *Pro Se*, #125842, Minnesota Correctional Facility, 2305 Minnesota Boulevard Southeast, St. Cloud, MN 56302-1000, Petitioner.

---

This matter is presently before the Court on Plaintiff's amended application for leave to proceed *in forma pauperis* ("IFP") on appeal.[1] (Doc. No. 30.) For the reasons discussed below, the Court concludes that Plaintiff's IFP application should be granted.

Plaintiff is an inmate at the Minnesota Correctional Facility in St. Cloud, Minnesota. He is seeking appellate review of an order directing that this action be transferred to the United States District Court for the Middle District of Alabama. (Order dated February 22, 2002 (Doc. No. 9).)

---

[1] Plaintiff's original IFP application was denied without prejudice, because it did not include certified information pertaining to his prison trust account, as required by 28 U.S.C. § 1915(a)(2). (*See* Order dated June 26, 2002 (Docket No. 26).)

FILED AUG 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" *i.e.*, whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). *Henderson*, 129 F.3d at 485. Whether the prisoner is destitute or not, any remaining balance of the $105 filing fee must be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied, regardless of his financial circumstances, if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); *see also Henderson*, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed *in forma pauperis* on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally

frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because his IFP application shows he is employed at the prison facility where he is confined, and he has been able to make regular deposits to his prison trust account during the past six months. The average monthly deposit to his prison trust account during that six-month period was $88.42, and the average monthly balance of his account during the same period was $37.40. Therefore, Plaintiff's initial partial filing fee will be twenty percent of the former amount (*i.e.*, twenty percent of the monthly deposit amount), which is $17.68, ($88.42 x 20% = $17.68). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and *Henderson v. Norris*.

Plaintiff has already paid $20 toward his filing fee (Doc. No. 25), so his initial partial filing fee has been paid in full. The remaining balance of the $105 filing fee (*i.e.*, $85.00) will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

The Court is satisfied that Plaintiff has no meritorious grounds for pursuing an appeal in this case because: (a) the transfer order at issue is proper and correct, and (b) the transfer order is not appealable in any event. However, the Court is not prepared to rule that an appeal in this matter would be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915(b)(1) and *Henderson v. Norris*, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $17.68;

2. Plaintiff must pay the remaining balance of the $105 filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

3. Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 30) is **GRANTED.**

Dated: August 9, 2002

DONOVAN W. FRANK
Judge of United States District Court